UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JOSEPH LAMIE, JR.,

      Plaintiff,

v.

KENNETH S. HOOPES,

      Defendant.
_____/

Case No. 1:23-cv-975

Hon. Paul L. Maloney

### REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Ervin Joseph LaMie, Jr. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

Defendant Kenneth S. Hoopes is a state court judge. Plaintiff's 22-page complaint provides few facts regarding his claim against defendant. It appears that plaintiff had a default judgment against a client of Attorney Jason Kolkema. Plaintiff alleged that on August 18, 2023, Judge Hoopes granted Attorney Kolkema's motion to set aside the default judgment. Compl. (ECF No. 1, PageID.7-9). Plaintiff alleged that Attorney Kolkema perpetrated a fraud upon the court by signing an affidavit to set aside the default judgment and that "Judge Kenneth Hoopes stated on the record that the motion was valid and told Jason Kolkema to prepare an order for setting aside the default judgment." *Id*. at PageID.8. Plaintiff alleged that Judge Hoopes committed numerous unlawful acts which included: participating in the fraud upon the court; violating his oath of office to uphold the state and federal constitutions; and, violating the Fifth and Fourteenth Amendments

and Due Process of Law. *Id*. at PageID.9-11. By virtue of these actions, plaintiff alleged that Judge Hoopes forfeited his judicial immunity. *Id*. at PageID.10.

Plaintiff has alleged causes of action pursuant to 42 U.S.C. § 1983. *Id*. at PageID.3. For his relief, plaintiff wants punitive damages against Judge Hoopes in the amount of $3,500,000.00. In addition, plaintiff wants injunctive relief in the form of orders to disbar Judge Hoopes, to force the judge to perform 1000 hours of community service, and to direct "the District Attorney to initiate a criminal investigation into the claims in this matter." *Id*. at PageID.21-22.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 7). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim, the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

2

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint consists of conclusory allegations of events which occurred in an unidentified court proceeding. The gist of plaintiff's claim is that Judge Hoopes ruled against him in a state court proceeding by setting aside a default judgment which plaintiff had against Attorney Kolkema's client. Defendant Hoopes is entitled to absolute judicial immunity on all claims. His only involvement was presiding over a court proceeding, which is a traditional judicial function. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "resolving disputes between parties who have invoked the jurisdiction of a court" is a "paradigmatic judicial act"). As a judge performing his judicial function, defendant Hoopes is entitled to absolute judicial immunity from plaintiff's suit against him, even if Hoopes acted erroneously, corruptly or in excess of jurisdiction. *See Mireles v Waco*, 502 U.S. 9, 12-13 (1991). Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Id*. at 11-12. Plaintiff has alleged no facts to overcome Judge Hoopes' absolute judicial immunity.[1]

---

[1] As discussed, the Court has determined that plaintiff's requests for court orders to disbar Judge Hoopes, make him perform community service, and order an investigation into this matter are essentially requests for injunctive relief. This Court has previously determined that claims for injunctive relief are subject to judicial immunity in the context

## II. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  October 13, 2023            /s/ Ray Kent
                                    RAY KENT
                                    U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

of a § 1983 claim.  *See Johnson v. Edgar*, No. 2:14-cv-256, 2015 WL 869320 at *3 (W.D. Mich. Feb. 27, 2015) ("when a judge is sued for civil rights violations under 42 U.S.C. § 1983 . . . judicial immunity does apply to claims for injunctive relief.").  *See also, Lawrence v. Pelton*, 413 F. Supp. 3d 701, 711 (W.D. Mich. 2019) ("As amended, § 1983 allows suits against persons acting under color of law 'except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.' ").