UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN JOSEPH LAMIE, JR., ) | |
| Plaintiff, ) | |
| ) | No. 1:23-cv-975 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| KENNETH S. HOOPES, ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ervin Lamie accuses Defendant Kenneth Hoopes of violating Plaintiff's rights to due process. Plaintiff proceeds without the benefit of counsel and has been granted leave to file this lawsuit without paying the filing fee. The Magistrate Judge reviewed the complaint and issued a report recommending the Court dismiss the lawsuit for failing to state a claim (ECF No. 7). Plaintiff filed objections (ECF No. 8). The Court will adopt the report and recommendation and will dismiss the lawsuit.

Defendant is a judge in the 14th Circuit Court in Muskegon County. In the compliant, Plaintiff contends that Defendant issued an erroneous decision to set aside a default judgment that had been issued in Plaintiff's favor and against someone Plaintiff had sued. Plaintiff alleges that the attorney who signed the motion to set aside committed a fraud on the court. Plaintiff reasons that by granting the motion, Defendant's decision violated Plaintiff's due process rights and also constituted a violation of Defendant's oath of office, which then resulted in Defendant having a lack of jurisdiction.

The Magistrate Judge concludes that Defendant acted within the scope of his judicial authority and, as a result, enjoys judicial immunity.  As a result, the Magistrate Judge finds that Plaintiff fails to state a claim upon which this Court could grant relief.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed Plaintiff's objections.  Plaintiff has not established an error in any factual finding or legal conclusion in the report and recommendation.

1.  Failure to Recuse.  Plaintiff contends he filed a motion or otherwise requested Defendant recuse himself before Defendant ruled on the motion to set aside.  This assertion is not plead in the complaint.  And, even if true, ruling on a motion to recuse falls within the scope of judicial authority.  This fact does not provide a basis for rejecting the report and recommendation.

2. Violating the Oath of Office.  Plaintiff's objections do not establish any basis for concluding that Defendant violated his oath of office.  Plaintiff's descriptions of the acts taken by Defendant all fall within the scope of a judge's duties.  Even if Plaintiff's allegations that Defendant's decision was legally erroneous are true, the remedy for this erroneous decision was an appeal within the state court system and not a federal lawsuit.  Accepting Plaintiff's

argument would mean that any time a trial judge's decision was reversed by a reviewing court, the trial judge necessarily violated his or her oath of office. That is not how our legal system works. The objections provide no basis for rejecting the conclusions in the report and recommendation. Furthermore, "[c]ourts routinely have concluded that a plaintiff's claim that a state official violated their oath of office does not support an action under § 1983." *Anderson v. Hicks*, No. 1:21cv220, 2021 WL 14391177, at *6 (W.D. Mich. Apr. 16, 2021) (collecting cases).

    3. Fraud on the Court. Plaintiff's objections do not establish any basis for concluding that Defendant participated, encouraged or ratified a fraud on the court. Again, even if Plaintiff's allegations about the motion to set aside are true, the remedy for this allegedly erroneous decision is an appeal. And, even if Plaintiff is correct that a fraud on the court occurred in the state court lawsuit, that fact does not provide a cause of action here; the fraud that occurred in the state lawsuit cannot provide a basis for awarding damages in this federal lawsuit. *See Stooksbury v. Ross*, No. 3:12cv548, 2017 WL 11674584, at *10 (E.D. Tenn. Jan. 5, 2017).

    Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 7). The Court finds the cause of action here without merit and any appeal would therefore be frivolous and would not be taken in good faith. **IT IS SO ORDERED.**

Date:   October 27, 2023                                       /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge